1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT JOHNSON,                              No. 2:14-CV-0196 KJM EFB

12              Plaintiff,

13        v.                                     STATUS (PRETRIAL SCHEDULING)

14   EDWARD Y. KIM, et al,                       ORDER

15              Defendants.

16

17               An initial scheduling conference was held in this case on June 12, 2014.  Raymond

18   Ballister, Jr. appeared for plaintiff; Chris Vaughan appeared for defendants.

19               Having reviewed the parties' Joint Status Report filed on June 5, 2014, and

20   discussed a schedule for the case with counsel at the hearing, the court makes the following

21   orders:

22   I.       SERVICE OF PROCESS

23               All named defendants have been served and no further service is permitted without

24   leave of court, good cause having been shown.

25   /////

26   /////

27   /////

28   /////

                                                 1

1   II.      ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

2              Plaintiff shall file an amended complaint within fourteen days of the status

3   conference naming the proper owner/operator of the Eppie's Café located at or about 4657 W

4   Capitol Ave., West Sacramento, California.

5              No further joinder of parties or amendments to pleadings is permitted without

6   leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth*

7   *Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

8   III.     JURISDICTION/VENUE

9              Jurisdiction is predicated upon 28 U.S.C. §§1331 and 1343(a)(3) & (a)(4).

10  Jurisdiction and venue are not disputed.

11  IV.      DISCOVERY

12             Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be

13  completed by **June 30, 2014**.  All discovery shall be completed by **March 16, 2015**.  In this

14  context, "completed" means that all discovery shall have been conducted so that all depositions

15  have been taken and any disputes relative to discovery shall have been resolved by appropriate

16  order if necessary and, where discovery has been ordered, the order has been obeyed.  All

17  motions to compel discovery must be noticed on the magistrate judge's calendar in accordance

18  with the local rules of this court.  While the assigned magistrate judge reviews proposed

19  discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as

20  discussed in more detail below.  In addition, while the assigned magistrate judge handles

21  discovery motions, the magistrate judge cannot change the schedule set in this order, even in

22  connection with a discovery matter.

23             Plaintiff's request to increase the default Rule 33(a)(1) limit to 45 per party is

24  denied.

25  V.       DISCLOSURE OF EXPERT WITNESSES

26             All counsel are to designate in writing, file with the court, and serve upon all other

27  parties the name, address, and area of expertise of each expert that they propose to tender at trial

28  not later than **April 8, 2015**.  The designation shall be accompanied by a written report prepared

2

1   and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **April**

2   **29, 2015**, any party who previously disclosed expert witnesses may submit a supplemental list of

3   expert witnesses who will express an opinion on a subject covered by an expert designated by an

4   adverse party, if the party supplementing an expert witness designation has not previously

5   retained an expert to testify on that subject.  The supplemental designation shall be accompanied

6   by a written report, which shall also comply with the conditions stated above.

7          Failure of a party to comply with the disclosure schedule as set forth above in all

8   likelihood will preclude that party from calling the expert witness at the time of trial.  An expert

9   witness not appearing on the designation will not be permitted to testify unless the party offering

10  the witness demonstrates: (a) that the necessity for the witness could not have been reasonably

11  anticipated at the time the list was proffered; (b) that the court and opposing counsel were

12  promptly notified upon discovery of the witness; and (c) that the witness was promptly made

13  available for deposition.

14         For purposes of this scheduling order, an "expert" is any person who may be used

15  at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which

16  include both "percipient experts" (persons who, because of their expertise, have rendered expert

17  opinions in the normal course of their work duties or observations pertinent to the issues in the

18  case) and "retained experts" (persons specifically designated by a party to be a testifying expert

19  for the purposes of litigation).  A party shall identify whether a disclosed expert is percipient,

20  retained, or both.  It will be assumed that a party designating a retained expert has acquired the

21  express permission of the witness to be so listed.  Parties designating percipient experts must state

22  in the designation who is responsible for arranging the deposition of such persons.

23         All experts designated are to be fully prepared at the time of designation to render

24  an informed opinion, and give the bases for their opinion, so that they will be able to give full and

25  complete testimony at any deposition taken by the opposing party.  Experts will not be permitted

26  to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition

27  taken subsequent to designation.  All expert discovery shall be completed by **May 29, 2015**.

28  /////

1    VI.    MOTION HEARING SCHEDULE

2            All dispositive motions, except motions for continuances, temporary restraining

3    orders or other emergency applications, shall be heard <u>no later than</u> **June 19, 2015.**[1]  The parties

4    may obtain available hearing dates by checking Judge Mueller's page on the court's website.

5            All purely legal issues are to be resolved by timely pretrial motions.  Local Rule

6    230 governs the calendaring and procedures of civil motions; the following provisions also apply:

7            (a)    The opposition and reply must be filed by 4:00 p.m. on the day due; and

8            (b)    When the last day for filing an opposition brief falls on a legal holiday, the

9    opposition brief shall be filed on the last court day immediately preceding the legal holiday.

10    Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

11    the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651,

12    652-53 (9th Cir. 1994).

13            The court places a page limit of twenty (20) pages on all moving papers, twenty

14    (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases

15    must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of

16    the motion.

17            Prior to filing a motion in a case in which the parties are represented by counsel,

18    counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the

19    contemplated motion and any potential resolution.  Plaintiff's counsel should carefully evaluate

20    the defendant's contentions as to deficiencies in the complaint and in many instances the party

21    considering a motion should agree to any amendment that would cure a curable defect.  Counsel

22    should discuss the issues sufficiently so that if a motion of any kind is filed, including for

23    summary judgment, the briefing is directed only to those substantive issues requiring resolution

24    by the court.  Counsel should resolve minor procedural or other non-substantive matters during

25    the meet and confer.  **A notice of motion shall contain a certification by counsel filing the**

26    /////

27

28    _____
[1]   Note that this date may not correspond to a law and motion calendar date.

4

1  **motion that meet and confer efforts have been exhausted, with a brief summary of meet and**

2  **confer efforts.**

3        The parties are reminded that a motion *in limine* is a pretrial procedural device

4  designed to address the admissibility of evidence.  The court looks with disfavor upon

5  dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions

6  *in limine*.  Although all motions *in limine* must be filed in conjunction with the joint pretrial

7  statement, the court will hear only those motions it has identified to counsel before the hearing

8  date.

9        <u>The parties are cautioned that failure to raise a dispositive legal issue that could</u>

10  <u>have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off</u>

11  <u>date may constitute waiver of such issue.</u>

12  VII.    <u>SEALING</u>

13        No document will be sealed, nor shall a redacted document be filed, without the

14  prior approval of the court.  If a document for which sealing or redaction is sought relates to the

15  record on a motion to be decided by Judge Mueller, the request to seal or redact should be

16  directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be

17  governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the

18  discovery phase of litigation  shall not govern the filing of sealed or redacted documents on the

19  public docket.  The court will only consider requests to seal or redact filed by the proponent of

20  sealing or redaction.  If a party plans to make a filing that includes material an opposing party has

21  identified as confidential and potentially subject to sealing, the filing party shall provide the

22  opposing party with sufficient notice in advance of filing to allow for the seeking of an order of

23  sealing or redaction from the court.

24  VIII.   <u>FINAL PRETRIAL CONFERENCE</u>

25        The Final Pretrial Conference is set for **September 3, 2015**, at 3:30 p.m.  At least

26  one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial

27  Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to

28  /////

1  attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the

2  case and equal authorization to make commitments on behalf of the client.

3          Counsel for all parties are to be fully prepared for trial at the time of the Final

4  Pretrial Conference, with no matters remaining to be accomplished except production of

5  witnesses for oral testimony.  The parties shall confer and file a joint pretrial conference

6  statement by **August 13, 2015**.  The provisions of Local Rule 281 shall apply with respect to the

7  matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local

8  Rule 281(b), the parties are to provide the court with the following:

9          - A plain, concise statement that identifies every non-discovery motion previously

10  tendered to the court and its resolution.

11          - A concise, joint list of undisputed core facts that are relevant to each claim.

12  Disputed core facts should then be identified in the same manner.  The parties are reminded not to

13  identify every fact in dispute but only those disputed facts that are essential to the formulation of

14  each claim.  Each disputed fact and undisputed fact should be separately numbered or lettered.

15  Where the parties are unable to agree on the core disputed facts, they should nevertheless list core

16  disputed facts in the above manner.

17          - Concise lists of disputed evidentiary issues that will be the subject of a party's

18  motion *in limine*.

19          - Each party's points of law, which concisely describe the legal basis or theory

20  underlying their claims and defenses.  Points of law should reflect issues derived from the core

21  undisputed and disputed facts.  Parties shall not include argument with any point of law; the

22  parties may include concise arguments in their trial briefs.

23          - A joint statement of the case in plain concise language, which will be read to the

24  jury during voir dire and at the beginning of the trial.  The purpose of the joint statement is to

25  inform the jury what the case is about.

26          - The parties' position on the number of jurors to be impaneled to try the case.

27          Discovery documents to be listed in the pretrial statement shall not include

28  documents to be used only for impeachment and in rebuttal.

6

1    The parties are reminded that pursuant to Local Rule 281 they are required to

2    attach to the Final Pretrial Conference Statement an exhibit listing  witnesses and exhibits they

3    propose to offer at trial.  After the name of each witness, each party shall provide a brief

4    statement of the nature of the testimony to be proffered.  The parties may file a joint list or each

5    party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial

6    Conference Statement itself, but shall be attached as separate documents to be used as addenda to

7    the Final Pretrial Order.

8    Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

9    alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for

10    plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be

11    marked "AA-ZZ".  However, if the amount of  defendant exhibits exceeds "ZZ" exhibits shall be

12    then listed as A-3, A-4, A-5 etc.  All multi page exhibits shall be stapled or otherwise fastened

13    together and each page within the exhibit shall be numbered. The list of exhibits shall not include

14    excerpts of depositions to be used only for impeachment.  In the event that plaintiff(s) and

15    defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation

16    the exhibit is first identified.  The court cautions the parties to pay attention to this detail so that

17    all concerned, including the jury, will not be confused by one exhibit being identified with both a

18    number and a letter.  The parties are encouraged to consult concerning exhibits and, to the extent

19    possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-

20    1, JX-2.

21    The Final Pretrial Order will contain a stringent standard for the offering at trial of

22    witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the

23    standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a

24    party does not intend to offer will be viewed as an abuse of the court's processes.

25    Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy,

26    no later than 3:00 p.m. on the Friday before trial.

27    Failure to comply with Local Rule 281, as modified by this order, may be grounds

28    for sanctions.

7

1    The parties also are reminded that pursuant to Rule 16 of the Federal Rules of

2    Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the

3    formulation and simplification of issues and the elimination of frivolous claims or defenses; (b)

4    the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof

5    and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference

6    Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[2]

7    A failure to do so may result in the imposition of sanctions which may include monetary

8    sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as

9    the court deems appropriate.

10   Concurrently with the filing of the Joint Final Pretrial Conference Statement,

11   counsel shall submit to chambers the word processable version of the Statement, in its entirety

12   (including the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov.

13   IX.    TRIAL SETTING

14   The jury trial is set for **October 13, 2015** at 9:00 a.m.  The parties estimate a trial

15   length of approximately three (3) to five (5) days.  Trial briefs are due by **September 29, 2015**.

16   X.    SETTLEMENT CONFERENCE

17   No settlement conference is currently scheduled.  A settlement conference may be

18   set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the

19   event that an earlier settlement conference date or referral to the Voluntary Dispute Resolution

20   Program (VDRP) is requested, the parties shall file said request jointly, in writing.  Because the

21   case will be tried to a jury, all parties should be prepared to advise the court whether they will

22   stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

23   Counsel are instructed to have a principal with full settlement authority present at

24   any Settlement Conference or to be fully authorized to settle the matter on any terms.  Each judge

25   /////

26

27   [2]  "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.,* 770 F.2d 866, 868-

28   69 (9th Cir. 1985).

8

1  has different requirements for the submission of settlement conference statements; the appropriate

2  instructions will be sent to you after the settlement judge is assigned.

3  XI.    MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

4         The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

5  Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

6  upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not

7  constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or

8  counsel does not constitute good cause.

9  XII.   OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

10        This Status Order will become final without further order of the court unless

11  objections are filed within fourteen (14) *calendar* days of service of this Order.

12        IT IS SO ORDERED.

13  DATED:  June 26, 2014.

14

15                                          _____

16                                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

9