UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:14-cv-00196-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| EDWARD Y. KIM, et al., | |
| Defendants. | |

Before the court are plaintiff Scott Johnson's motion for partial summary judgment, ECF No. 22, and defendant Jay C. Lee's motion to dismiss the first amended complaint, ECF No. 25. The court submitted the motions as provided by Local Rule 230(g). As explained below, the court DISMISSES plaintiff's federal claim under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), for lack of subject matter jurisdiction, and declines to retain supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, plaintiff's first amended complaint is DISMISSED in its entirety without prejudice to refiling in state court, and the parties' pending motions are DENIED AS MOOT.

I.     BACKGROUND

        Mr. Johnson is a level C-5 quadriplegic. Johnson Decl. ¶ 2, ECF No. 22-4; First Am. Compl. ¶ 1, ECF No. 13 ("FAC"). He uses a wheelchair for mobility and has a specially

1

1  equipped van.  Johnson Decl. ¶¶ 2–3; FAC ¶ 1.  Mr. Johnson alleges the facilities at Eppie's
2  Restaurant, a business establishment located at 4657 West Capitol Avenue in West Sacramento,
3  California, have several barriers that limit access to wheelchair users.  *See* FAC ¶¶ 7–13; *see*
4  Johnson Decl. ¶¶ 6–9.  Plaintiff alleges he encountered the barriers when he ate lunch at Eppie's
5  Restaurant in February and June 2013, and he was deterred from patronizing Eppie's Restaurant
6  on two other occasions in 2013 due to the barriers.  *See* FAC ¶ 11; Johnson Decl. ¶¶ 12, 14.
7  Plaintiff further alleges defendants own, operate and/or lease the real property for Eppie's
8  Restaurant.  FAC ¶ 2.
9        Plaintiff filed the instant action on January 22, 2014, asserting claims for violation
10  of the ADA, violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53,
11  violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54–54.8, and negligence.
12  ECF No. 1.  Defendant Kim filed an answer on April 10, 2014.  ECF No. 6.  On July 11, 2014,
13  plaintiff filed a first amended complaint, which added defendant Lee as a named defendant.  ECF
14  No. 13.  Defendant Kim and plaintiff stipulated that Mr. Kim's previously filed answer would be
15  deemed responsive to the first amended complaint.  ECF No. 14.  Defendant Lee filed an answer
16  to the first amended complaint on March 4, 2015.  ECF No. 19.
17        On May 22, 2015, plaintiff filed a motion for partial summary judgment with
18  respect to defendants' violations of the ADA and Unruh Civil Rights Act.  ECF No. 22.  On July
19  13, 2015, defendant Lee, proceeding pro se, filed a motion to dismiss the first amended
20  complaint, arguing that Eppie's Restaurant closed in January 2014; that Mr. Lee is a senior citizen
21  living off of social security and does not have the means to pay the proposed settlement; and that
22  plaintiff is a "professional" plaintiff.  ECF No. 25.  On July 28, 2015, plaintiff opposed defendant
23  Lee's motion to dismiss.  ECF No. 27.  On November 6, 2015, defendant Kim opposed plaintiff's
24  motion for partial summary judgment and asked the court to dismiss the case for lack of subject
25  matter jurisdiction.  ECF No. 37.  On November 13, 2015, plaintiff filed a reply in support of his
26  motion for partial summary judgment.  ECF No. 38.
27  /////
28  /////

II.   JURISDICTION OVER FEDERAL ADA CLAIM

   A.   Legal Standard

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999). A jurisdictional attack may be either facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction. *Id.* In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

The court lacks subject matter jurisdiction when the controversy before it becomes moot. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Courts have found ADA cases to be moot when the challenged premises have been closed with no plans to reopen or lease to a new tenant. *See Johnson v. Lake Tahoe Partners*, No. 13-2534, 2014 WL 2548830, at *3 (E.D. Cal. June 5, 2014) (ADA claim moot

1   when restaurant unconditionally vacated the premises and permanently closed the restaurant on
2   the property); *Kohler v. Southland Foods, Inc.*, 459 F. App'x 617 (9th Cir. 2011) (unpublished)
3   (affirming district court's determination that ADA action was moot when defendant closed the
4   restaurant that was the subject of the ADA action); *Steelman v. Hoch*, No. 12-79, 2012 WL
5   4513864, at *1 (E.D. Mo. Oct. 1, 2012) (ADA claim moot when defendant was selling the
6   premises and the restaurant tenant was no longer in business); *Balt. Neighborhoods, Inc. v. LOB
7   Inc.*, 92 F. Supp. 2d 456, 462 (D. Md. 2000) (ADA claim moot when allegedly inaccessible
8   model unit was closed with no plans to reopen it).

   B.   Analysis

10          Here, defendant Kim challenges the first amended complaint as failing to establish
11  federal jurisdiction through a factual attack. Specifically, Mr. Kim has submitted a declaration
12  challenging the first amended complaint's allegation that he and Mr. Lee own or operate the real
13  property identified as Eppie's Restaurant. *See* Kim Decl., ECF No. 37-1. His declaration states
14  that he formerly owned the subject property but sold his entire interest in it on or about May 8,
15  2015. *Id.* ¶ 5. He further avers that Mr. Lee formerly operated the property as Eppie's
16  Restaurant, but in January 2014, Mr. Lee closed the restaurant, abandoned the property, and
17  operated his business from a different location. Kim Decl. ¶ 3; *see also* ECF Nos. 19, 25.
18  According to Mr. Kim, the building has remained vacant since January 2014. Kim Decl. ¶ 4.
19  Because Mr. Kim has sold his interest in the property and Mr. Lee has vacated the premises, Mr.
20  Kim argues neither has a cognizable interest in the outcome of the ADA claim, for which
21  injunctive relief is the only available remedy. *See* ECF No. 37, at 1–3. Mr. Kim contends the
22  ADA claim is therefore moot and the court lacks federal subject matter jurisdiction over the case.
23  *See id.* at 2–3.

24          Based on the evidence before the court, the court finds plaintiff has not met his
25  burden of establishing subject matter jurisdiction over his ADA claim. Plaintiff has not objected
26  to Mr. Kim's declaration or submitted any evidence showing that either defendant has a
27  cognizable interest in the outcome of the ADA claim. *See* ECF No. 38. As noted, courts have
28  found ADA cases to be moot when the challenged premises have been closed with no plans to

reopen or re-lease, *see Lake Tahoe Partners*, 2014 WL 2548830, at *3, as appears to be the case with Eppie's Restaurant here.  In his reply brief, plaintiff acknowledges it appears his ADA claim has been rendered moot and will be dismissed.  *See* ECF No. 38, at 2.  Because plaintiff has not met his burden of establishing subject matter jurisdiction, the ADA claim is DISMISSED.

III.   SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

   A.   Legal Standard

This court's jurisdiction over this case is based on the ADA claim, while the state law claims were brought in reliance on the court's supplemental jurisdiction under 28 U.S.C. § 1367.  Generally, "a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.), *as supplemented by* 121 F.3d 714 (9th Cir. 1997); *see also Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." (citation omitted)).  One circumstance in which a district court may "decline to exercise supplemental jurisdiction over a [state law] claim" is when "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  That decision, however, is informed by consideration of judicial economy, convenience, fairness, and comity factors.  *See Acri*, 114 F.3d at 1001.  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 364 n.7 (1988).

   B.   Analysis

Here, the court has dismissed plaintiff's only federal claim, so the decision to keep the three remaining state law claims lies within the district court's discretion under § 1367(c).  As explained above, in the usual case in which all federal claims are dismissed before trial, the state claims should be dismissed as well.  *See Carnegie-Mellon Univ.*, 484 U.S. at 364 n.7.  Having considered the relevant factors, the court is not persuaded this is one of the unusual cases in

1  which the court should retain jurisdiction over the remaining state law claims.  Plaintiff overstates
2  the extent to which the action has been litigated before this court.  The court has not expended
3  substantial judicial resources familiarizing itself with the case, and has not issued any orders
4  going to the merits.  The only motions the parties have filed are the pending motion to dismiss
5  and motion for summary judgment.  As a general rule, the court has an interest in avoiding
6  needless adjudication of state law claims.  Although plaintiff's California Unruh Civil Rights Act
7  claim is predicated on an alleged violation of the ADA, this alone does not justify use of the
8  court's scarce resources to adjudicate the merits of the remaining state law claims.  Accordingly,
9  the court does not reach the merits of the pending motions insofar as they relate to plaintiff's state
10 law claims.

IV.   CONCLUSION

For the foregoing reasons, the court lacks subject matter jurisdiction over plaintiff's federal ADA claim and declines to retain supplemental jurisdiction over the remaining state law claims under § 1367(c).  The first amended complaint is DISMISSED without prejudice to refiling of the state law claims in state court.  Defendant Lee's motion to dismiss and plaintiff's motion for partial summary judgment are DENIED AS MOOT.

IT IS SO ORDERED.

DATED: January 19, 2016.

_____
UNITED STATES DISTRICT JUDGE